**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

-----------------------------------------------------------------X
:
RAW FILMS, LTD.,                                                   :
:          Civil  Action  No.  2:11-cv-07248-MAM
            Plaintiff,                                  :
:
        vs.                                             :
:
JOHN DOES 1-15,                                                   :
:
            Defendants.                                :
:
-----------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO JOHN DOE'S MOTION TO**
**<u>QUASH OR MODIFY SUBPOENA [DKT. #5]</u>**

## <u>TABLE OF CONTENTS</u>

I.     Introduction ................................................................................................5

II.    Joinder Is Proper .......................................................................................8

    A.  Facts .....................................................................................................8

        1.  Absent Joinder, Data Retention Issues Will Cause Plaintiff to Sue John Does that Cannot Be Identified ..............................................8

        2.  Joinder is Required by Rule 1's Instruction to Judge to Construe the Rules to Secure the Inexpensive Determination of Every Action ...........................................................9

    B.  Legal Argument ....................................................................................10

        1.  The Logical Relationship Test .....................................................10

        2.  The Way BitTorrent Works, Infringers Continue to Distribute Filed Indefinitely......11

        3.  Same Swarm BitTorrent Infringement is Logically Related .......................................12

        4.  Doe Defendants Distributed The Same Exact Torrent File As Evidenced By A Cryptographic Hash Value ...........................................................................13

        5.  The District Of Columbia Correctly Supports Joinder In BitTorrent Cases................13

        6.  Joinder Is Proper Because The Defendants' Infringement Was Part Of A Series Of Transactions ...........................................................................14

            i.  Here, Plaintiff Properly Pled a Series of Transactions .............................15

        7.  There Are Common Issues Of Fact And Law .............................................16

        8.  Joinder Promotes Judicial Efficiency And Is Beneficial To Putative Defendant And Doe Defendants Cannot Demonstrate Prejudice At This Stage................................16

        9.  Disallowing Joinder Would Effectively Prevent Plaintiff From Being Able To Enforce Its Copyrights And Would Be Inconsistent With Rule 1 ...............................17

        10. District Courts From Around The Country Permit Joinder .........................................17

            i.   The District Court Of Colorado Permits Joinder .............................17

            ii.  California District Courts Permit Joinder .........................................17

            iii. The Northern District Of Illinois Permits Joinder.............................19

            iv.  New York Permits Joinder..................................................................19

            v.   Maryland Federal Courts Permit Joinder .........................................19

            vi.  New Jersey, North Carolina, And Florida Permit Joinder ...............20

        11. Joinder Is Also Proper Because Plaintiff Pled That Each Of The Defendants Is Contributorily Liable For Each Other Defendant's Infringement .............................20

            vii.  Contributory Infringement Is A Jury Question ................................21

            viii. Plaintiff Intends To Call Several Of The Defendants To Prove Contributory Infringement Vis-À-Vis The Other Defendants .........22

        12. The Cases Relied Upon By John Doe Have Been Distinguished In Such a Way  As Would Make Joinder Proper Here .......................................................22

III.   Conclusion ................................................................................................25

## TABLE OF AUTHORITIES

Adobe Systems, Inc. v. Canus Productions, Inc., 173 F. Supp.2d 1044, 1055 (C.D. Cal. 2001)..21

AF Holdings, LLC v. Does 1-162, Case No. 11-23036, 6-7 (S.D. Fl Feb. 14, 2012) ...............7, 20

Berlin Media Art E.K. v. Does 1-144, 2011 WL 4056167 (E.D. CA. 2011) ...............................17

BMG Music, et. al. v. Does 1-4, Case No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, (N.D. Cal. 2006).......................................................................................................................23

BMG Music v. Does 1-203, Case No. 2:04-cv-00650-CN (E.D.P.A. 2004).................................23

Bridgeport Music, inc. v. Diamond Time, Ltd., 371 F.3d 883 (6th Cir. 2004) .............................22

Call of the Wild, 770 F.Supp.2d at 343 ........................................................................................16

Call of the Wild v. Does 1-331, 274 F.R.D. 334 (D.D.C. 2011) ..................................................14

Call of the Wild v. Does 1-1062, 770 F.Supp.2d 332, 344 (D.D.C. 2011) ........................5, 14, 16

Camelot Distribution Group v. Does 1-1210, 2011 WL 4455249, *3 (E.D. Cal. 2011)...............17

Cooper v. Fitzgerald, 266 F.R.D. 86, 88 (E.D. Pa. 2010)............................................................10

Costar Group, Inc. v. Loopnet, Inc., 164 F. Supp.2d 688, 696 (M.D. 2001).................................20

DigiProtect USA Corp. v. Does, 2011 WL 4444666 (S.D.N.Y. 2011) .........................................19

Digital Sin, Inc. v. Does 1-176, 12-CV-00126 AJN, 2012 WL 263491 (S.D.N.Y. Jan. 30, 2012) ..
..........................................................................................................................................8, 19

Donkeyball Movie, LLC v. Does 1-171, 2011 WL 1807452 (D.D.C. 2011) ...............................14

Erickson v. Pardus, 551 U.S. 89, 93 (2007)..................................................................................15

First Time Videos, LLC v. Does 1-76, 2011 WL 3586245 (N.D. IL 2011).............................5, 19

First Time Videos, LLC v. Does 1-500, --- F.Supp.2d ----, 2011 WL 3498227 (N.D.Ill., 2011) .19

Hard Drive Productions, Inc. v. Does 1–46, 2011 U.S. Dist. LEXIS 67314 (N.D. Cal. 2011).....18

Hard Drive v. Does 1-55, 2011 WL 4889094, (N.D.Ill 2011).....................................................19

Interscope Records, et. al. v. Does 1-25, 2004 U.S. Dist. LEXIS, Case No. 6:04-cv-197 – ACC-DAB (M.D. Fla. 2004).........................................................................................................23

K-Beech Inc. v. John Does 1-22, 2011 WL 60000768 (D. Md. 2011).........................................20

K-Beech, Inc. v. Does 1-29, 2011 WL 5966337 (W.D.N.C. Nov. 28, 2011)...............................20

K-Beech, Inc., v. John Does 1-39, et al., 2:11-cv-04776, 5 (D.N.J. Jan. 6, 2012) ...................8, 20

K-Beech Inc., v. John Does 1-57, Case 2:11-cv-00358-CEH-SPC,  at*12 (M.D. Fl. 2011)............
....................................................................................................................15, 16, 20, 24

LaFace Records v. Does 1-38, 2008 WL 544992 (E.D.N.C. 2008)..............................................24

Liberty Media Holdings, LLC v. Does 1-62, 2011 WL 1869923 (S.D.Cal.2011) .......................18

Liberty Media Holdings, LLC v. Swarm of November 16, 2010, 2011 WL 1597495 (S. D. Cal. 2011) ...................................................................................................................................18

Marobie-FL, Inc. v. National Ass'n of Fire Equipment Distributors, 983 F. Supp. 1167 (N.D. IL 1997)...............................................................................................................................21

Maverick Entertainment Group, Inc. v. Does 1-2115, 2011 WL 1807428 (D.D.C. 2011) ...........14

MGCIP v. Does 1-316, 2011 WL 2292958 (N.D. Ill. 2011) ......................................................19

Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 371(1926)...................10

New Sensations, Inc. v. Does 1-1,474, 2011 WL 4407222, (N.D.Cal. 2011) ...............................18

New Sensations, Inc. v. Does 1745, 2011 WL 2837610 (N.D. Cal. 2011) ..................................18

NuImage, Inc. v. Does 1-22, 322, 2011 WL 3240562 (D.D.C. 2011)..........................................14

Pacific Century Intern v. Does 1-48, 2011 WL 4725243 (N.D. Cal. 2011) ................................18

Patrick Collins v. John Does 1-9, 11-cv-01269 (S.D.N.Y. 2011)................................................19

Patrick Collins Inc. v. Does 1-11, 2011 WL 5439045 (D. Md. 2011)...................................20, 23

Patrick Collins Inc. v. Does 1-22, 2011 WL 5439005 (D. Md. 2011)...........................................19

Patrick Collins, Inc. v. Does 1-26, Case 3:11CV394-FDW-DSC (N.C. 2011)............................23

Patrick Collins, Inc. v. John Does 1-33, 2012 WL 415424 (D. Colo. 2012)...........................8, 17

Patrick Collins, Inc. v. John Does 1-2590, 2011WL 4407172, * 6 (N.D. Cal. 2011) ............11, 18

Raw Films, Ltd. vs. Does 1-32, Case 3:11-cv-00532-JAG (E.D. Va. 2011)................................22

Third Degree Films v. Does 1-118, 2011 WL 6837774 (D. Md. 2011) .......................................20

Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 389-90 (3d Cir. 2002) ................................................................................................................................11

Twentieth Century Fox Film Corp. et. al. v. Does 1-12, Case No. 3:04-cv-04862-WHA, (N.D. Cal. 2004)................................................................................................................................23

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)...............................................10

United States v. Serubo, 460 F. Supp. 689, 694 (E.D. Pa. 1978) .................................................15

Voltage Pictures, LLC v. Does 1-5000, 79 Fed.R.Serv.3d 891 (D.D.C. 2011)............................14

Voltage Pictures, LLC v. Vazquez, 2011 WL 5006942 (D.D.C. 2011) ...................................5, 14

West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9 (D.D.C. 2011).................................14

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO JOHN DOE'S
<u>MOTION TO QUASH OR MODIFY SUBPOENA</u>**

## I.   <u>INTRODUCTION</u>

This Court's decision will become widely cited precedent that will affect the rights of copyright holders across all segments of society.   "[T]he putative defendants are currently identified only by their IP addresses and are not named parties. Consequently, they are not required to respond to the plaintiffs' allegations or assert a defense. The defendants may be able to demonstrate prejudice [after being named], but they cannot. . . before that time." <u>Call of the Wild v. Does 1-1062,</u> 770 F.Supp.2d 332, 344 (D.D.C. 2011).   For this reason, "the overwhelming majority of courts have denied as premature motions to sever prior to discovery." <u>First Time Videos, LLC v. Does 1-76</u>, 2011 WL 3586245 (N.D. IL 2011) (citing a long list of cases holding joinder is proper).   Here, a ruling that conclusively establishes that motions to quash will be denied, will deter John Doe and other similar movants' from filing motions with an improper purpose.   Toward that end, the Court in <u>Voltage Pictures, LLC v. Vazquez</u>, 2011 WL 5006942 (D.D.C. 2011) held that a Doe Defendant does not have "a sufficiently protectable legally cognizable interest in the litigation" prior to being named in a joined BitTorrent copyright infringement suit to file a motion.   A similar definitive ruling here will deter motions, such as the one here, which are clearly filed with the improper purpose of needlessly increasing the cost of litigation in violation of Rule 11.

To explain, the movants are not seriously contending at this stage of the litigation that they are prejudiced by being joined together in one suit.   Instead, they are attempting to cause Plaintiff to incur litigation and filing fees in the hope that they will win not on the merits but by making the process too expensive for Plaintiff to pursue.

During her time as Register of Copyright, Mary Beth Peters explained the rights of copyright holders in peer-to-peer infringement actions to the Senate Judiciary Committee.  "The law is unambiguous. Using peer-to-peer networks to copy or distribute copyrighted works without permission is infringement and copyright owners have every right to invoke the power of the courts to combat such activity. Every court that has addressed the issue has agreed that this activity is infringement." [1]  Ms. Peters explained that these types of litigation suits are necessary to deter infringement:

> [F]or some users of peer-to-peer technology, even knowledge that what they are doing is illegal will not be a sufficient disincentive to engage in such conduct. But whether or not these infringers know or care that it is against the law, the knowledge that such conduct may lead to expensive and burdensome litigation and a potentially large judgment should have a healthy deterrent effect. While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored. For many people, the best form of education about copyright in the internet world is the threat of litigation. In short, if you break the law, you should be prepared to accept the consequences. Copyright owners have every right to enforce their rights in court, whether they are taking action against providers of peer-to-peer services designed to profit from copyright infringement or against the persons engaging in individual acts of infringement using such services.

Id.  (Emphasis added).

From reports received by Plaintiff's investigator, IPP Limited, Raw Films, Ltd. knows that its movies are being illegally downloaded through the BitTorrent peer-to-peer file sharing protocol by people residing in the U.S. well over 100,000 times a month.  While it may be impossible for Plaintiff to sue each and every individual that illegally downloads Plaintiff's copyrighted works, Plaintiff intends on making every effort to sue as many individuals as

---

[1] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

possible within its resources.  Plaintiff will proceed against almost every Defendant with whom Plaintiff does not reach an amicable resolution in this case, consistent with Plaintiff's analysis of the economic justification of the suit and any other unusual factors that may weigh upon a rational decision to proceed against a particular doe.  As should be clear, the putative Doe here and others like him or her are merely attempting to divert attention from their digital theft by claiming that Plaintiff is improperly holding them to account.  These arguments have no bases in law, fact or equity and should be disregarded for that reason.  As Judge Scola in the Southern District of Florida stated, "[i]t is inappropriate for this Doe Defendant to hurl unsubstantiated personal attacks at the Plaintiff from behind a shroud of anonymity," (holding that the Doe Defendants did not have standing in regard to its request to quash and that the issue of misjoinder was premature until the anonymous Doe Defendants had been identified).  AF Holdings, LLC v. Does 1-162, Case No. 11-23036, 6-7 (S.D. Fl Feb. 14, 2012).

As explained below, the overwhelming majority of courts permit joinder in BitTorrent actions.  Joinder is proper because the claims against all defendants are logically related and Plaintiff is seeking joint and several liability.  Joinder in BitTorrent copyright infringement cases has been thoroughly analyzed in many opinions and has been permitted almost universally permitted where, as here: (a) the complaint clearly explains how BitTorrent works through a series of transactions, (b) all of the defendants live in the district (eliminating long-arm issues and venue), (c) all of the defendants were part of the same exact swarm of peer infringers as evidenced by a unique cryptographic hash value, and (d) Plaintiff pled that the Defendants' are contributorily liable for each others' infringement.  Recently, a court in New York examined the issue and held joinder is proper, concluding:

> [I]t is difficult to see how the sharing and downloading activity alleged in the Complaint—a series of individuals connecting either directly with each other or as

part of a chain or "swarm" of connectivity designed to illegally copy and share the exact same copyrighted file—could *not* constitute a 'series of transactions or occurrences' for purposes of Rule 20(a).

Digital Sin, Inc. v. Does 1-176, 2012 WL 263491 (S.D.N.Y. 2012); see also Patrick Collins, Inc. v. John Does 1-33, 2012 WL 415424 (D. Colo. 2012).

Recently a court in this circuit held joinder was proper in a nearly identical BitTorrent action stating:

> Plaintiff alleges that all Defendants participated in the same "swarm" of peer infringers that illegally uploaded and then downloaded Plaintiff's copyrighted movie. In addition, Plaintiff's Amended Complaint sufficiently alleges common questions of law or fact by asserting identical claims against all of the Doe Defendants in this action and suing only those Doe Defendants in the exact same swarm. Therefore, the Court finds joinder in this action is proper and declines to sever John Doe 5 from this action.

K-Beech, Inc., v. John Does 1-39, et al., 2:11-cv-04776, 5 (D.N.J. Jan. 6, 2012).

While courts have wide discretion to permit permissive joinder, this discretion must be exercised consistent with the requirement set forth in Rule 1 and the policy underlying Rule 20. Applying the existing law surrounding joinder to the facts in this case leads to but one inescapable conclusion: joinder is proper and should be permitted.

## II.    JOINDER IS PROPER

### A.  Facts

#### 1.  Absent Joinder, Data Retention Issues Will Cause Plaintiff To Sue John Does That Cannot Be Identified

Plaintiff has learned through suits across the country that there are major deficiencies associated with many internet service providers' ability to correlate a subscriber to an individual.[2]  Many ISPs delete the data correlating an individual to an IP address after only a few

---

[2]  See Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland

weeks.   According to the FBI, 19% of its ISP lookup requests in one child pornography investigation failed to yield a positive identity.   See FN 2.   Plaintiff's statistics are similar, 10-15% of the identities subpoenaed by Plaintiff in cases nationally fail to identify a person or legal entity.   While most national ISPs are fairly good at retaining data, several other national ISPs and many regional ISPs are very bad at it.   Any decision regarding joinder in a BitTorrent peer-to-peer copyright case simply must take data retention and data failure issues into consideration.   Significantly, a rule requiring Plaintiff to sue John Doe defendants on an individual basis creates the substantial risk that the target will not be identified.   Unless the Court system allows Plaintiff to join cases, Plaintiff runs the risk of being unable to identify a significant number of defendants.

### 2.   Joinder is Required By Rule 1's Instruction to Judges to Construe The Rules to Secure the Inexpensive Determination of Every Action

Fed.R.Civ.P. 1 requires that Courts construe the rules to secure the inexpensive determination of every action.   Fed.R.Civ.P. 20, the joinder rule, has the same purpose.   As explained below, disallowing joinder is inconsistent with the purpose of both Rules.   Indeed, since jurisdiction and venue is proper in this District, if Plaintiff was forced to proceed individually all of these cases would be filed in this District.   Plaintiff would have to file notices of related cases.   Presumably, this Court would consolidate the cases for purposes of judicial management.   Thereafter, at every stage of the process, the litigants and the Court would be faced with additional work.   For example, instead of one motion for leave to serve subpoenas in advance of a 26(f) conference, there would be many such identical motions.   Instead of one Rule 26(f) conference and report, there would be many such identical Rule 26(f) conferences and

Security   United   States   House   Of   Representatives**,**   (January   2011)   at http://judiciary.house.gov/hearings/pdf/Weinstein 01252011.pdf

reports.   Identical pleadings and papers would be repetitively filed.   Not only would this needlessly increase the costs for the parties and Court but also for the third party internet service providers.

**B.  <u>Legal Argument</u>**

Fed. R. Civ. P. 20(a)(2) states:

Persons . . . may be joined in one action as defendants if:
  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
  (B) any question of law or fact common to all defendants will arise in the action.
"Under the Federal Rules generally, 'the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 724 (1966).   "Rule 20(a)'s purpose is to 'promote trial convenience and expedite the final determination of disputes, thereby preventing multiple law suits.'" <u>Cooper v. Fitzgerald</u>, 266 F.R.D. 86, 88 (E.D. Pa. 2010).   Here, severing Defendants will create multiple totally unnecessary lawsuits.

### 1.  <u>The Logical Relationship Test</u>

Courts across the country employ the "logical relationship" test to ascertain whether joinder is proper under the same transaction or series of transactions test.   According to the rule, a series of transactions may be a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship, and absolute identity of all events is unnecessary.   "'Transaction' is a word of flexible meaning. <u>It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.</u>" <u>Moore v. New York Cotton Exchange, 270 U.S. 593, 610, 46 S.Ct. 367, 371(1926)</u> (underlining added).   The Third Circuit has liberally construed the logical

relationship test to promote judicial economy.  See <u>Transamerica Occidental Life Ins. Co. v.</u> <u>Aviation Office of Am., Inc.</u>, 292 F.3d 384, 389-90 (3d Cir. 2002).

> The concept of a "logical relationship" has been viewed liberally to promote judicial economy.  Thus, a logical relationship between claims exists where separate trials on each of the claims would "involve a substantial duplication of effort and time by the parties and the courts."  <u>Such a duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties.</u>

<u>Id</u>. (Internal citations omitted.) (Emphasis added.)   The logical relationship test has been consistently used in decisions concerning BitTorrent copyright infringement in suits across the country.  <u>See e.g.</u> <u>Patrick Collins, Inc. v. John Does 1-2590,</u> 2011WL 4407172, * 6 (N.D. Cal. 2011).

## 2. <u>The Way BitTorrent Works, Infringers Continue To Distribute Files Indefinitely</u>

The BitTorrent protocol is a distribution system.  All the Defendants were distributing the movie to the other peers in the swarm.  <u>See</u> Plaintiff's Dec. ¶¶20-21.  BitTorrent continues to distribute data for a particular torrent file until the user commands its BitTorrent Client (software program) to stop distributing it.  Many users never instruct the program to stop distributing data.  According to BitTorrent's own website:

> **Seeding** is where you leave your BitTorrent client open after you've finished your download to help distribute it (you distribute the file *while* downloading, but it's even more helpful if you continue to distribute the full file even after you have finished downloading). Chances are that most of the data you got was from seeds, so help give back to the community! It doesn't require much - <u>BitTorrent will continue seeding until the torrent is removed.</u> [Underlining added.]

<u>See</u> <u>http://www.bittorrent.com/help/guides/beginners-guide</u>.

### 3.   <u>Same Swarm BitTorrent Infringement is Logically Related</u>

The    following    description    of    BitTorrent    can    be    found    at http://computer.howstuffworks.com/bittorrent2.htm, and describes the series of transactions: BitTorrent is unique insofar as it distributes the burden of sharing files to <u>all</u> users:



**WHAT BITTORENT DOES**

Unlike some other peer-to-peer downloading methods, BitTorrent is a protocol that offloads some of the file tracking work to a central server (called a tracker). Another difference is that it uses a principal called tit-for-tat. This means that in order to receive files, you have to give them. This solves the problem of leeching – one of the developer Bram Cohen's primary goals. With BitTorrent the more files you share with others, the faster your downloads are from multiple computers.



What makes the BitTorrent protocol unique is that it distributes [the burden of] the sharing of files to **all** users who have downloaded or are *in the process* of downloading a file. Because BitTorrent breaks up and distributes files in hundreds of small chunks, you don't even need to have downloaded the whole file before you start sharing. As soon as you have even a piece of the file, you can start sharing that piece with other users. That's what makes BitTorrent so fast; your BitTorrent client starts sharing as soon as it downloads one chunk of the file (instead of waiting until the entire download has been completed).  [Parenthetical added, emphasis added.]

See://lifehacker.com/285489/a-beginners-guide-to-bittorrent.  By causing <u>all</u> users to distribute the file, BitTorrent ensures that all peers in a swarm materially aid every other peer.   This critical fact makes BitTorrent different than every other peer-to-peer network and is one of the reasons BitTorrent cases are distinguishable from previous peer-to-peer copyright cases.

**4.   Doe Defendants Distributed The Same Exact Torrent File As Evidenced By A Cryptographic Alphanumeric Hash Value**

As alleged in the Complaint, Plaintiff's movie was processed by a BitTorrent Client (a BitTorrent software program) which generated a torrent file.  The BitTorrent Client divided the movie into hundreds or thousands of digital parts called "pieces."[3]  "Each piece is protected by a cryptographic hash contained in the torrent descriptor."  Id.  The Hash system was created by the National Security Agency.[4]  It is used not only by BitTorrent but by this Court when it sends CM/ECF filing receipts to litigants (the alphanumeric code at the end of the filing receipt is a cryptographic hash.)   "Cryptographic hash functions have many information security applications, notably in digital signatures, message authentication codes (MACs), and other forms of authentication."   See FN 4.   In BitTorrent, "[w]hen another peer later receives a particular piece, the hash of the piece is compared to the recorded hash to test that the piece is error-free."   See FN 3.  "Cryptographic hash values are sometimes called (digital) fingerprints."  See FN 4.

Plaintiff's investigators use the hash value as a digital fingerprint that enables Plaintiff to ensure that all of the infringements alleged in this suit arise from the exact same unique version of Plaintiff's movie as evidenced by the cryptographic hash value.  Significantly, many of Plaintiff's movies have been initially seeded several times.  Each seeding produces its own independent swarm.  Here, Plaintiff has only sued Defendants in the exact same swarm.

**5.   The District of Columbia Correctly Supports Joinder In BitTorrent Cases**

The District of Columbia has issued by far and away the longest, most comprehensive, decisions concerning the issues, including joinder, raised in BitTorrent litigation.  Eight cases

---

[3] See http://en.wikipedia.org/wiki/BitTorrent_(protocol)
[4] See http://en.wikipedia.org/wiki/Cryptographic_hash

D.C. judges have adjudicated, which can be found on Westlaw, are as follows: (1) <u>Voltage Pictures, LLC v. Vazquez,</u> 2011 WL 5006942 (D.D.C. 2011) (opining joinder is proper and that Doe Defendants do not have standing to intervene in the discovery process prior to being named as a defendant); (2) <u>NuImage, Inc. v. Does 1-22,322</u>, 2011 WL 3240562 (D.D.C. 2011) (10 page opinion, permitting joinder but raising concerns about long-arm); <u>West Coast Productions, Inc. v. Does 1-5829</u>, 275 F.R.D. 9 (D.D.C. 2011) (11 page opinion, permitting joinder, holding long arm could be used, denying all motions to quash); <u>Call of the Wild v. Does 1-331</u>, 274 F.R.D. 334 (D.D.C. 2011) (permitting joinder, holding long arm could be used, denying all motions to quash); <u>Maverick Entertainment Group, Inc. v. Does 1-2115</u>, 2011 WL 1807428 (D.D.C. 2011) (18 page opinion, permitting joinder, holding long arm could be used, denying all motions to quash); <u>Voltage Pictures, LLC v. Does 1-5000</u>, 79 Fed.R.Serv.3d 891 (D.D.C. 2011) (18 page opinion permitting joinder, holding long arm could be used, denying all motions to quash); <u>Donkeyball Movie, LLC v. Does 1-171</u>, 2011 WL 1807452 (D.D.C. 2011) (15 page opinion permitting joinder, holding long arm could be used, denying all motions to quash); <u>Call of the Wild v. Does 1-1062,</u> 770 F.Supp.2d 332 (D.D.C. 2011) (36 page opinion addressing all of the issues raised in pre-Doe identification BitTorrent litigation.)  Significantly, the <u>Call of the Wild</u> Court denied all of the motions to quash, ruled in favor of copyright owners on the joinder issue, the free speech issue, the right to remain anonymous issue [Doe's who file motions do not have that right], allowed Plaintiff to use the long arm statute, and held that internet service providers cannot refuse to comply with subpoenas on the basis that it is unduly burdensome.

### 6.  Joinder is Proper Because the Defendants' Infringement Was Part of a Series of Transactions

In construing the Federal Rules of Civil Procedure, "it must only be shown that each act or transaction was part of a 'series of acts or transactions' and that each defendant participated in

the series of transaction, joinder does not require the participation by all defendants in every act constituting each joined offense." <u>United States v. Serubo</u>, 460 F. Supp. 689, 694 (E.D. Pa. 1978).

### i.   Here, Plaintiff Properly Pled a Series of Transactions

Pursuant to Fed. R. Civ. P. 8, under the notice pleading standard, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007).  Additionally, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the Complaint." <u>Id.</u> at 94.  Plaintiff's Complaint easily satisfies Rule 8's requirement to give Defendants notice that Plaintiff is asserting that Defendants acted together in the same transaction or through a series of transactions.  <u>See</u> Compl. ¶29, ¶30, ¶31, ¶33, ¶38, ¶39.

When deciding on this exact issue, the Middle District of Florida held:

> Each seeding produces its own independent swarm. Plaintiff limited the Defendants in this suit to those allegedly using the exact same swarm. Based on these allegations, the Plaintiff's claims against the Defendants are logically related. Each John Doe Defendant is a possible source for the Plaintiff's work, and may be responsible for distributing the movie to other John Doe Defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material.

<u>K-Beech Inc., v. John Does 1-57</u>, Case 2:11-cv-00358-CEH-SPC,  at*12 (M.D. Fl. 2011).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating,

*inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different but for each of the Defendants' infringements.

### 7.   <u>There Are Common Issues of Fact and Law</u>

"Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact." <u>Call of the Wild</u>, 770 F.Supp.2d at 343. "The plaintiffs meet this requirement." <u>Id.</u> "In each case, the plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders." <u>Id.</u> The "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant." <u>Id.</u>

### 8.   **Joinder Promotes Judicial Efficiency and is Beneficial to Putative Defendant and Doe Defendants Cannot Demonstrate Prejudice At This Stage**

"The Court finds no prejudice to the Defendants at this stage in the litigation. In fact, the Court finds that joinder in a single case of the Defendants who allegedly infringed the same copyrighted material both promotes judicial efficiency and benefits the Defendants, who will be able to see the defenses, if any, raised by other John Does." <u>K-Beech Inc., v. John Does 1-57,</u> Case 2:11-cv-00358-CEH-SPC,  at*12 (M.D. Fl. 2011).

"[T]he putative defendants are currently identified only by their IP addresses and are not named parties. Consequently, they are not required to respond to the plaintiffs' allegations or assert a defense. The defendants may be able to demonstrate prejudice [after being named], but they cannot. . . before that time." <u>Call of the Wild v. Does 1-1062,</u> 770 F.Supp.2d 332, 344 (D.D.C. 2011).

**9.   Disallowing Joinder Would Effectively Prevent Plaintiff From Being Able
to Enforce Its Copyrights and Would Be Inconsistent With Rule 1**

The <u>Call of the Wild</u> Court held that disallowing joinder would effectively prevent Plaintiff

from being able to enforce its copyrights:

> The plaintiffs would be forced to file 5,583 separate lawsuits * * * Plaintiffs would
> additionally be forced to pay the Court separate filing fees in each of these cases, * *
> * This would certainly not be in the "interests of convenience and judicial economy,"
> or "secure a just, speedy, and inexpensive determination of the action." <u>Given the
> administrative burden of simply obtaining sufficient identifying information to
> properly name and serve alleged infringers, it is highly unlikely that the plaintiffs
> could protect their copyrights in a cost-effective manner.</u>

<u>Id</u>. at 344-345.

**10. <u>District Courts From the Around the Country Permit Joinder</u>**

**i.       <u>The District Court of Colorado Permits Joinder</u>**

In every BitTorrent copyright infringement case before the court, the District Court of

Colorado has ruled that joinder is proper and creates judicial efficiency.  <u>See</u> <u>Patrick Collins, Inc.</u>

<u>v. John Does 1-33</u>, 2012 WL 415424 (D. Colo. 2012).

> [R]ather than result in needless delay, joinder of the Doe Defendants 'facilitates
> jurisdictional discovery and expedites the process of obtaining identifying
> information, which is prerequisite to reaching the merits of [Plaintiff's] claims .'
> *Voltage Pictures,* 2011 WL 1807438, at *7. Therefore, the Court concludes that
> joinder under Rule 20(a)(2) is proper at this juncture.

<u>Id</u>. at 3.

**ii.      <u>California District Courts Permit Joinder</u>**

All three Districts in California which have adjudicated joinder in BitTorrent copyright

infringement cases hold that joinder is proper.   In <u>Camelot Distribution Group v. Does 1-1210</u>,

2011 WL 4455249, *3 (E.D.Cal. 2011), the Court "conclude[d] that a decision regarding joinder

would be more appropriately made after further development of the record."   <u>See also,</u> <u>Berlin</u>

Media Art E.K. v. Does 1-144, 2011 WL 4056167 (E.D. CA. 2011) (permitting discovery in joined case.)  In Liberty Media Holdings, LLC v. Does 1-62, 2011 WL 1869923 (S.D.Cal.2011) the Court held "[a]fter careful consideration of the issue, . . . [i]n this case, the complaint sufficiently *alleges* that defendants are properly joined due to the use of BitTorrent, which necessarily requires each user to be an uploader as well as a downloader."

Chief Magistrate Judge Maria Elena-James sums up the decisions of the judges in the Northern District of California who have repeatedly held that joinder is proper.    See e.g. Patrick Collins v. Does 1-2590, 2011 WL 4407172 (N.D. Cal. 2011), noting that "[r]ecently, courts in this District . . . have come to varying decisions about the proprietary of joining multiple defendants in BitTorrent infringement cases" and finding:

> This Court has carefully reviewed such decisions and notes that they are highly dependent on the information the plaintiff presented regarding the nature of the BitTorrent file-sharing protocol and the specificity of the allegations regarding the Doe defendants' alleged infringement of the protected work. Both of these factors guide the Court's joinder analysis . . . [in concluding joinder is proper].

See also, New Sensations, Inc. v. Does 1-1,474, 2011 WL 4407222, (N.D.Cal. 2011) (same.)  Accord Hard Drive Productions, Inc. v. Does 1–46, 2011 U.S. Dist. LEXIS 67314 (N.D. Cal. 2011) (same); New Sensations, Inc. v. Does 1745, 2011 WL 2837610 (N.D. Cal. 2011) (same, and opining "Judge Howell of the D.C. Circuit has repeatedly held that in infringement actions" joinder is proper "[h]is analysis makes sense.")[5]

---

[5] See Pacific Century Intern v. Does 1-48, 2011 WL 4725243 (N.D. Cal. 2011) (a poorly reasoned opinion holding that if Plaintiff admits additional discovery is needed to proceed against the correct person then joinder is improper.) Cf Liberty Media Holdings, LLC v. Swarm of November 16, 2010, 2011 WL 1597495 (S. D. Cal. 2011) (holding a claim for negligently letting others to use your internet could withstand a motion to dismiss). Here, Plaintiff intends to pursue each Doe Defendant.

### iii.    The Northern District of Illinois Permits Joinder

Defendant relies on cases which cannot be found on Westlaw from Illinois using the search terms BitTorrent and joinder. There are only four decisions which come up using Westlaw and the terms "BitTorrent & joinder" in Illinois; they are <u>Hard Drive v. Does 1-55,</u> 2011 WL 4889094, (N.D.Ill 2011); <u>First Time Videos, LLC v. Does 1-76</u>  --- F.R.D. ----, 2011 WL 3586245 (N.D.Ill.,2011); <u>First Time Videos, LLC v. Does 1-500,</u> --- F.Supp.2d ----, 2011 WL 3498227 (N.D.Ill.,2011); <u>MGCIP v. Does 1-316,</u> 2011 WL 2292958 (N.D. Ill. 2011).   All four Illinois decisions held joinder is proper and distinguish previous Illinois decisions (which cannot be found on Westlaw) that do not so hold.

### iv.    New York Permits Joinder

Courts in New York have held that joinder is proper in BitTorrent copyright cases when as here all Doe Defendants' IP addresses were traced to this district and all of the Defendants in a given case participated in the same swarm of infringers as evidenced by a cryptographic hash value.  <u>See</u> <u>DigiProtect USA Corp. v. Does,</u> 2011 WL 4444666 (S.D.N.Y. 2011).  <u>See</u> <u>also</u> <u>Digital Sin, Inc. v. Does 1-176,</u> 12-CV-00126 AJN, 2012 WL 263491 (S.D.N.Y. Jan. 30, 2012).

Although not on Westlaw, in a complaint with very nearly verbatim identical allegations as the one before the Court now, New York held joinder was proper.  <u>Patrick Collins v. John Does 1-9,</u> 11-cv-01269 (S.D.N.Y. 2011) (Dkt. 10) stating: "Order denying Motion to Quash and to Sever.  Upon careful consideration, for the reasons stated in plaintiff's opposition, the motion is denied."

### v.    Maryland Federal Courts Permit Joinder

Maryland has issued at least four opinions stating that joinder is proper in similar BitTorrent actions.  <u>See</u> <u>Patrick Collins Inc. v. Does 1-22,</u> 2011 WL 5439005 (D. Md. 2011)

(holding joinder is proper and may actually be beneficial to the defendants); <u>Patrick Collins Inc. v. Does 1-11</u>, 2011 WL 5439045 (D. Md. 2011) (holding joinder is proper and may actually be beneficial to the defendants);  <u>K-Beech Inc. v. John Does 1-22</u>, 2011 WL 60000768 (D. Md. 2011); (holding joinder is proper and may actually be beneficial to the defendants;  <u>Third Degree Films v. Does 1-118</u>, 2011 WL 6837774 (D. Md. 2011) (holding joinder is proper and may actually be beneficial to the defendants).

### vi.     New Jersey, North Carolina, and Florida Permit Joinder

Courts in New Jersey, North Carolina, and Florida have also permitted joinder in BitTorrent actions where, as here, all of the defendants were a part of the same swarm.  <u>See K-Beech v. John Does 1-39, et. al.</u>, 11-cv-04776 (D. NJ Jan.6, 2012); <u>K-Beech, Inc. v. Does 1-29</u>, 2011 WL 5966337 (W.D.N.C. Nov. 28, 2011); <u>K-Beech Inc., v. John Does 1-57</u>, Case 2:11-cv-00358-CEH-SPC, at*12 (M.D. Fl. 2011); <u>AF Holdings, LLC v. Does 1-162</u>, Case No. 11-23036, (S.D. Fl Feb. 14, 2012).

### 11. Joinder is Also Proper Because Plaintiff Pled That Each of the Defendants Is Contributorily Liable For Each Other Defendant's Infringement

Joinder is also proper because Plaintiff pled that each Defendant is contributorily liable for each of the other Defendant's infringement.  "It is, today, a given that 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory infringer.'"  <u>Costar Group, Inc. v. Loopnet, Inc.</u>, 164 F. Supp.2d 688, 696 (M.D. 2001).  Here, Plaintiff properly pled contributory infringement.  <u>See</u> Compl. ¶¶ 54-59.

Significantly, Plaintiff will prove that there was one initial seeder that uploaded the subject torrent file identified by the unique hash value.  Plaintiff will further prove that when a

Defendant receives a piece from a downstream infringer, i.e., an infringer who already had that piece, then that Defendant will automatically begin distributing the piece it received from the downstream infringer to others.  By doing so, Plaintiff will prove that said Defendant materially assists the downstream infringer's direct infringement of Plaintiff's exclusive right to "redistribute . . . the Work. . . ."  in violation of 17 U.S.C. § 106(3) and 17 U.S.C. §501. Similarly, when a Defendant provides a piece of Plaintiff's copyrighted work to an upstream infringer, Plaintiff will prove that the upstream infringer both sends that piece to other infringers and will also assemble the entire Work.  Accordingly, by delivering a piece to an upstream infringer, the Defendant is contributorily liable for materially assisting the upstream infringer to redistribute, perform and display the Work in violation of 17 U.S.C. § 106(3)-(5) and 17 U.S.C. § 501.

### i.      Contributory Infringement is a Jury Question

Since one of the grounds for permissive joinder is joint and several liability, should the Court hold that joinder is not permitted, then any such holding would effectively summarily adjudicate Plaintiff's claim for contributory infringement.  Such a holding would be erroneous because contributory infringement is "a question of fact for trial."  Adobe Systems, Inc. v. Canus Productions, Inc., 173 F. Supp.2d 1044, 1055 (C.D. Cal. 2001); Marobie-FL, Inc. v. National Ass'n of Fire Equipment Distributors, 983 F. Supp. 1167 (N.D. IL 1997) ("fact questions precluded summary judgment with respect to providers' liability for contributory infringement"). Moreover, since BitTorrent works through the cooperative exchange among peers in a swarm, claims for contributory infringement must be permitted or the law would be inconsistent with the very nature of BitTorrent.

ii.     **Plaintiff Intends to Call Several of the Defendants To Prove Contributory Infringement vis-à-vis the other Defendants**

Regarding contributory infringement, by way of example, Plaintiff has to prove Doe 1 is liable for direct infringement in order for Plaintiff to succeed on its claim that Doe 2 is contributorily liable for Doe 1's infringement.   Indeed, "without proof of direct infringement there can be no liability for contributory infringement."   Bridgeport Music, inc. v. Diamond Time, Ltd., 371 F.3d 883 (6th Cir. 2004).   Accordingly, to support its claim of contributory infringement against each Defendant vis-a-vis each other Defendant, Plaintiff intends to call each of the Defendants to prove the direct infringement.   The realities associated with Plaintiff's evidentiary burdens weighs in favor of having one trial, as opposed to multiple trials, so that the parties' resources are not squandered.

**12. The Cases Relied Upon By John Doe Have Been Distinguished In Such A Way As Would Make Joinder Proper Here**

Defendant cites various cases in an effort to avoid joinder.   Many of Defendant's cases rely heavily on unpublished orders from cases litigated by another law firm Steele Hansmeier with whom neither Plaintiff nor undersigned have any relationship.   Joinder was held improper in several of Mr. Steele's early cases because these cases were either formed incorrectly (plaintiff failed to use geolocation software to ensure that jurisdiction and venue are correct) or because plaintiff incorrectly combined multiple movies or swarms into one case.   This case does not suffer from any of those infirmities.

Defendant also relies heavily on the order issued by the Honorable Judge Gibney in the Eastern District of Virginia.   See Raw Films, Ltd. vs. Does 1-32, Case 3:11-cv-00532-JAG (E.D. Va. 2011).   This decision was decided *sua sponte* without Plaintiff being afforded the opportunity to brief the issue.   At the time this decision was made, the Honorable Judge Gibney

was unaware of any of the myriad of cases that hold joinder is proper as evidenced by his finding pursuant to Rule 11 that "the joinder of unrelated defendants does not seem to be warranted by existing law." Id. at *5.

Plaintiff demonstrated at the hearing on December 20th, 2011 that it had a proper purpose and the Honorable Judge Gibney ruled that there were no Rule 11 violations. Id. at Order December 20, 2011. Plaintiff's purpose is plain and simple: to receive compensation for the mass theft of its property and deter future infringement.

Recently, a Maryland court expressly cited to, quoted, and expressly disagreed with Judge Gibney's decision to sever: "[c]onsidering the two requirements for permissive joinder under Federal Rule 20(a)(2) as they apply to the instant action, the Court finds that at this procedural juncture, joinder of the putative Defendants is proper." See Patrick Collins, Inc., v. Does 1-11, Case 11-cv-01776-AW, *3-4 (D. MD 2011). Similarly, another judge in 4th Circuit from North Carolina also held joinder was proper. See Patrick Collins, Inc. v. Does 1-26, Case 3:11CV394-FDW-DSC (N.C. 2011), Dkt 19.

Some of the cases cited by Defendant, unlike this case, involve multiple Plaintiffs and infringement of multiple copyrights in the same lawsuit. See (1) BMG Music, et.. al. v. Does 1-4, Case No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, (N.D. Cal. 2006), (5 Plaintiffs – 12 different songs, see the Complaint at ¶ 15 and Exhibit A to the Complaint); (2) Twentieth Century Fox Film Corp. et. al. v. Does 1-12, Case No. 3:04-cv-04862-WHA, (N.D. Cal. 2004), (6 Plaintiffs – 13 songs, see the Complaint at ¶¶ 4-11 and Exhibit A to the Complaint); (3) Interscope Records, et. al. v. Does 1-25, 2004 U.S. Dist. LEXIS, Case No. 6:04-cv-197 – ACC-DAB (M.D. Fla. 2004), (16 Plaintiffs and dozens if not hundreds of songs, see the Complaint at ¶¶ 4-19 and Exhibit A to the Complaint); and (4) BMG Music v. Does 1-203, Case No. 2:04-cv-

00650-CN (E.D.P.A. 2004) (17 Plaintiffs and numerous works, <u>see</u> the Complaint at ¶¶ 4-19 & 23.)  Since multiple works were at issue in these copyright cases, the Plaintiffs in those cases did not plead that the online infringements were part of the same transaction or series of transactions or that the defendants in those cases were contributorily liable for each others' infringement.

Here, all of the defendants infringed on one work by Plaintiff, within the same BitTorrent swarm.  As the Middle District of Florida states, "[t]he Court recognizes that each Defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)."  <u>K-Beech Inc., v. John Does 1-57</u>, Case 2:11-cv-00358-CEH-SPC,  at*12 (M.D. Fl. 2011).

Defendant's citation to <u>LaFace Records v. Does 1-38,</u> 2008 WL 544992 (E.D.N.C. 2008) is also misplaced.  In <u>LaFace</u>, eleven recording studios sued over dozens of copyrights.  The only commonality supporting joinder was that the Defendants used Gnutella, a peer-to-peer file sharing protocol.  Significantly, Gnutella works through one peer to one peer transactions; i.e., a user connects to one computer and gets the whole file.  Here, Plaintiff only sued on one copy of one movie which was broken up into pieces by BitTorrent.  And, Plaintiff alleged that the Defendants were distributing the pieces to each other.  Indeed, BitTorrent works differently than Gnutella insofar as it causes all participants in a swarm to upload pieces of the movie to each other.  Consequently, here, Plaintiff pled that each of the Defendants is contributorily liable for the infringement of each of the other Defendants.  This is yet another basis to hold that joinder is proper.

III.        **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

DATED this 24th day of February, 2012

Respectfully submitted,

FIORE & BARBER, LLC

By:      /s/ *Christopher P. Fiore*
         Christopher P. Fiore, Esquire
         Aman M. Barber, III, Esquire
         Attorneys for Plaintiff
         425 Main Street, Suite 200
         Harleysville, PA 19438
         Tel:  (215) 256-0205
         Fax:  (215) 256-9205
         Email:  cfiore@fiorebarber.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ *Christopher P. Fiore*