**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

----------------------------------------------------------------X
                           :

RAW FILMS, LTD.,                 :

              Plaintiff,     :     Civil Action No. 2:11-cv-07248-MAM

                        :

        vs.               :

                        :

JOHN DOES 1-15,           :

                        :

             Defendants.   :

                        :
----------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO JOHN DOE'S MOTION TO RECONSIDER DENIAL OF MOTION (1)TO SEVER DEFENDANT'S FOR IMPROPER JOINDER, AND/OR (2) TO QUASH SUBPOENA AND/OR (3) ISSUE A PROTECTIVE ORDER**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO JOHN DOE'S MOTION TO
RECONSIDER DENIAL OF MOTION (1)TO SEVER DEFENDANT'S FOR IMPROPER
JOINDER, AND/OR (2) TO QUASH SUBPOENA AND/OR (3) ISSUE A PROTECTIVE
ORDER**

## I.    INTRODUCTION

Defendant's Motion to Reconsider should be denied because it fails to provide any grounds for the Court to reconsider its order. "Such a motion may be granted only if: 1) there has been an intervening change in the controlling law; 2) new evidence has recently become available; or 3) it is necessary to correct a clear error of law or to prevent manifest injustice." Drysdale v. Woerth, 153 F.Supp.2d 678, 682 (E.D.Pa .2001); see also Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) ("A motion for reconsideration seeks to correct manifest errors of law or fact or to present newly discovered evidence.")  As an initial note, Defendant's Motion to Reconsider is untimely.  Pursuant to L.R. 7.1(g) "[m]otions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the judgment, order, or degree concernced." This Court entered its Order on March 26, 2012 and Defendant filed its Motion to Reconsider on April 25, 2012, nearly a month after the order was entered.

Further, Defendant's Motion is based on unsubstantiated attempts to discredit Plaintiff's purpose and not on any of the grounds listed above.  Defendant argues Plaintiff does not intend to litigate, that Congress did not intend for statutory damages to be applied to individual copyright infringers in file sharing cases, that he is innocent, that Plaintiff's technology is unreliable, and that the Court should reconsider the facts alleged by Plaintiff regarding joinder. Not one of these arguments is a reason for the Court to reconsider its order.  Defendant also argues that Plaintiff should be required to submit a status report on its cases filed in this Court.

Plaintiff does not object to filing such a report if the Court orders, but does object to this request acting as grounds for a Motion for Reconsideration.

## II.   **PLAINTIFF INTENDS TO LITIGATE**

As discussed in its Response to Defendant's Motion (Dkt. #11), Plaintiff dismissed the other Defendants from this case in order to further promote judicial efficiency and with the intent to re-file individual suits against Defendants after Plaintiff has properly investigated each Defendant's situation.   The Defendant argues we should not be allowed to receive his identity because we will not proceed with litigation.   First, this is not proper grounds for a motion for reconsideration because Defendant has already raised this issue and is simply rearguing his position.   "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of."   Drysdale, 153 F.Supp.2d at 682.

Second, since the Order for Motion for Leave requires Plaintiff to limit how it uses Defendant's identity to actions directed at enforcing Plaintiff's rights (Dkt. #4), if the Defendant was right that Plaintiff had no intention to sue, then the Defendant's claim that he will never get to contest his innocence is meaningless because he would never have to do so.   If the Defendant is afraid of a settlement communication then all he has to do is tell Plaintiff once not to contact him, and Plaintiff will not attempt to resolve the dispute with the Defendant. But, the Defendant's assertion is just plain wrong.   The reality is Raw Films does intend to proceed against individual defendants and will do so in due course.   As an example, Plaintiff has recently served two Doe Defendants in a similar case in the District Court of Arizona.   See Raw Films v. John Does, Case No. 2:11-cv-01603-JAT (D. Ariz. Aug. 5th, 2011).   Additionally, undersigned has re-filed nearly forty individual suits against Doe defendants from previous cases in similar actions in this Court.

Defendant's logic fails to demonstrate any evidence of injustice or harm to Defendant by either this Court's order or Plaintiff's actions.  Defendant argues that Plaintiff will not allow him to have his day in court, but at the same time Defendant argues this Court should reconsider denying his Motion to Quash, which would effectively prevent both Defendant and Plaintiff from having their day in Court.

## III.  CONGRESS DID INTEND FOR STATUTORY DAMAGES TO BE APPLIED TO INDIVIDUAL INTERNET INFRINGEMENT CASES

Defendant incorrectly argues that Plaintiff has misused the 'copyright regime' and the 'legal system' by filing complaints for statutory damages against individual infringers. "Congress never intended that those types of damages would be assessed against individual infringers, but were intended for large commercial enterprises that were distributing large numbers of movies or other copyrighted material and earning significant revenues without properly compensating the original owner of the protected work."  (Def's Mot. 4.)  Defendant offers no support for this blatantly incorrect statement.  In 1999 Congress intentionally amended the Copyright Act to deter individuals from infringing copyrights on the internet by increasing the statutory remedies:

> Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 <u>to increase the minimum and maximum awards</u> available under § 504(c).  See Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that <u>consumer-based, noncommercial use of copyrighted materials constituted actionable copyright infringement.</u> Congress found that "copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies," and cautioned that "the potential for this problem to worsen is great."

<u>Sony v. Tennenbaum</u>, 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added).

Plaintiff is not misusing the copyright regime.  During her time as Register of Copyrights, Mary Beth Peters gave a statement to the Senate Judiciary Committee on exactly the type of copyright infringement claims that are before this Court:

> [F]or some users of peer-to-peer technology, even knowledge that what they are doing is illegal will not be a sufficient disincentive to engage in such conduct. But whether or not these infringers know or care that it is against the law, the knowledge that such conduct may lead to expensive and burdensome litigation and a potentially large judgment should have a healthy deterrent effect. While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored. For many people, the best form of education about copyright in the internet world is the threat of litigation. In short, if you break the law, you should be prepared to accept the consequences. Copyright owners have every right to enforce their rights in court, whether they are taking action against providers of peer-to-peer services designed to profit from copyright infringement or against the persons engaging in individual acts of infringement using such services.[1]  (Emphasis added.)

She further continued that Copyright owners should "offer no apologies" in bringing these actions before the Court:

> While copyright owners have expressed regret that they have felt compelled to take this step, they need offer no apologies. As I have already said, people who use peer-to-peer technology for the unauthorized reproduction or distribution of copyrighted works are breaking the law. Surprisingly, many people do not appear to realize this. I have long advocated more public education about copyright. In a perfect world, this could be done in classrooms and with billboards. But ours is not a perfect world, and public education can also be accomplished through enforcement of copyright.

Id. (emphasis added).

## IV.    THE COURT'S ORDER IS NOT AN ADJUDICATION OF GUILT

Defendant states strongly that he has not committed copyright infringement.  Plaintiff will take his statements into consideration in its decision to proceed with litigation against

---

[1] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

Defendant, but this is not a reason for the Court to reconsider its Order.  The Court's Order did not make any determination of Defendant's guilt or innocence but simply that a defendant's guilt or innocence is not grounds to quash an otherwise valid subpoena.

## V.    PLAINTIFF'S TECHNOLOGY IS RELIABLE

As Plaintiff addressed in its Response to Motion to Quash, Plaintiff's technology is reliable and would survive this Court's scrutiny.  Defendant, other than making the assertion, offers no evidence to the contrary.  (Def's Mot. 6.)  As stated above, this is not a reason for the Court to reconsider its Order as there is no new evidence provided.

## VI.    THE COURT PROPERLY RULED ON JOINDER

Defendant fails to provide any new law, evidence, or indication that this Court's order regarding joinder was made contrary to existing law.  Defendant re-argues the same points regarding joinder which the Court has already addressed.

Further, Defendant's argument is wrong on its face.  The nature of the BitTorrent protocol provides for continuous seeding and distributing of the movie long after it has downloaded.  Without stopping the program by physically un-checking the automatic seeding, an alleged infringer likely will seed and distribute a movie for an extended period of time.  As the Eastern District of Michigan explained the technology, even after an infringer has completed a download of the movie, he or she may distribute the movie for weeks after having received the download.

> [I]t is not that an infringer would wait six weeks to receive the Movie, it is that the infringer receives the Movie in a few hours and then leaves his or her computer on with the Client Program uploading the Movie to other peers for six weeks. Because the Client Program's default setting (unless disabled) is to begin uploading a piece as soon as it is received and verified against the expected Hash, it is not difficult to believe that a Defendant who downloaded the Movie on day one, would have uploaded the Movie to another Defendant or peer six weeks

later. This consideration, however, is irrelevant since concerted action is not required for joinder.

Patrick Collins, Inc. v. John Does 1-21, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012). Here, Plaintiff's investigator received a piece of the movie from the defendants when they were allegedly distributing it to others.

## VII.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

DATED this 9th day of May, 2012

Respectfully submitted,

FIORE & BARBER, LLC

By:   /s/ Christopher P. Fiore
Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
Attorneys for Plaintiff
425 Main Street, Suite 200
Harleysville, PA 19438
Tel:  (215) 256-0205
Fax:  (215) 256-9205
Email:  cfiore@fiorebarber.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 9th, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ Christopher P. Fiore