# John Doe xx
Email johndoeedpa1234@yahoo.com

June 25, 2012

<u>VIA HAND DELIVERY</u>
Michael E. Kunz, Clerk of Court
United States District Court for the Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

                Re:    *Raw Films, Ltd., v. John Does 1-15*,
                       *Civ. A. No. 2:11-cv-07248 – MAM*

**FILED**
JUN 2 7 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Dear Mr. Kunz:

Enclosed please find the Letter I am filing with the Court in the above referenced action. I have also provided copies to Judge McLaughlin, Verizon, Plaintiff's attorney and the other John Doe who has filed a motion in this action.

I may be reached at the email above and will be monitoring this case. I will respond to any requests from the Court.

Sincerely,

    s/John Doe xx

John Doe xx

**John Doe xx**
Email johndoeedpa1234@yahoo.com



June 25, 2012

VIA Hand Delivery 267-299-5071
Honorable Mary A. McLaughlin
United States District Court for the Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 13614
Philadelphia, PA 19106-1723

        Re:    *Raw Films, Ltd., v. John Does 1-15,*
               Civ. A. No. 2:11-cv-07248 – MAM

Dear Judge McLaughlin:

I am writing this letter to correct the record in the litigation in the above referenced action. In connection with that, I ask that the Plaintiff, Raw Films and its counsel Mr. Fiore be sanctioned by this court. It was not easy to come to the conclusion that I needed to write this letter, but after thoughtful contemplation I decided not to remain silent. As Edmund Burke once said "[a]l that is necessary for the triumph of evil is that good men do nothing."

Often during this litigation I have felt, wrongly or rightly, that I have been speaking for all the Doe Defendants who were too afraid to file a motion, who did not have the resources to participate in these proceedings, or who were overwhelmed by the prospect of fighting a lawsuit in a Federal Court. I am reminded of the words of my civics teacher that we must participate or we no longer have a right to complain about what happens.

I have accused the Plaintiff in the various papers I have filed with this court that the BitTorrent scheme of litigation being brought across this country is a perverse abuse of the legal system for the enrichment of lawyers and pornographers. I have argued that the plaintiffs in these cases have no interest in actually litigating claims and vindicating whatever rights they may have. I have stated that the plaintiffs are using the court system to obtain personal information about "alleged" copyright infringers in order to extort money from guilty and innocent alike. While I acknowledge that copyright infringement is a serious problem I believe that this type of litigation is hardly a remedy. Something may need to be done, but this abuse of the legal system is not the way to solve the problem of piracy.

Plaintiff's Notice of Voluntary Dismissal without Prejudice [Dkt. 20] filed on May 22, 2012 contains material misstatements to the court. Plaintiff did not receive my personal information from Verizon. Verizon contacted me early in May and informed me that they would not release

my personal information while my Motion for Reconsideration was pending [Dkt. 16]. When I saw Mr. Fiore's Voluntary Motion to Dismiss I contacted Verizon immediately to inquire if they had released my information. They confirmed via email that they had not released my information to Mr. Fiore. Further, since the filing of the Motion to Dismiss I have not received any communication from Mr. Fiore seeking to resolve the issues of this litigation as he stated he would do in his Motion. This brought to fruition, precisely what I had stated would occur in my original motion to quash, and my subsequent motion for reconsideration – a vexatious scheme of litigation that is divorced from vindication almost as much as it is from resolution. In fact, because the dismissal is without prejudice, there is nothing to prevent Mr. Fiore from refilling this same action against the Doe Defendants who he has not yet identified, in this very courthouse, where it may be assigned to an altogether different judge, effectively erasing all memory of these proceedings like the metaphorical dust in the wind, continuing the pattern of abuse that has quietly become pervasive and invidious throughout the nation.

Mr. Fiore filed a false and misleading document with the court. Mr. Fiore filed a document with this court that was not truthful and violated his duty of candor before a tribunal. He does not have my personal information, nor has he contacted me to settle this matter. Typically a defendant would be content with a dismissal of a case filed against him or herself, even a voluntary dismissal without prejudice. However, the dismissal masks something on the part of the plaintiffs and their counsel that is much more sinister – an intention to never actually litigate a claim to fruition. Why would they? It appears far more simple to extort money than it is to substantiate a right to it. That, however, is beside the point. The fact remains that Mr. Fiore filed a false document with the court. This is not the first time Mr. Fiore has mislead a Judge in the Eastern District of Pennsylvania and I have no idea if Mr. Fiore is engaging in this type of behavior in other BitTorrent cases.[1] Mr. Fiore filed a document with this court that was not truthful and violated his duty of candor before a tribunal.

---

[1] In *K-Beech v. John Doe*, 11-cv-07083, and related cases (EDPA Jan. 30, 2012) Plaintiff and Mr. Fiore continued to pursue a copyright infringement lawsuit before Judge Schiller based on alleged infringements that occurred before Plaintiff was granted a copyright for the film in question. When Plaintiff received its copyright registration with an effective date of December 1, 2011, Plaintiff and Mr. Fiore failed to inform the court. Indeed Plaintiff and Mr. Fiore continued the causes of action against Doe Defendants who had allegedly infringed a copyright when Plaintiff did not have a copyright. Plaintiff, nor Mr. Fiore, according to the docket ever informed the Judge or dismissed these causes of action but continued to demand settlements from the Doe Defendants. Plaintiff made allegations of copyright infringement when none had occurred. Mr. Fiore and the Plaintiff made representations to the court which were lies and which it knew were not true.

When Plaintiff was finally granted its copyright for Virgins #4 on December 1, 2011, its counsel failed to inform the Court. Plaintiff and its counsel had an obligation to amend the complaint and remove the representation that Plaintiff's owned a copyright which was valid as of the

I would ask that the Court: (1) dismiss this case with prejudice, (2) fine and sanction Mr. Fiore and the Plaintiff for making false statements to the Court, (3) refer this matter to the Pennsylvania Bar for review and possible disciplinary proceedings against Mr. Fiore, (4) enter an order to prevent the misuse of discovery which would require Plaintiff to destroy and not use any discovery obtained from these proceedings, (5) order the Plaintiff to return any settlement payments obtained to date in this case and (6) any such other relief this court deems is appropriate.

Sincerely,


   s/John Doe xx

John Doe xx


cc:    Michael E. Kunz, Clerk of Court *(via hand delivery)*
       Verizon *(via email)*
       Mr. Fiore *(via US Mail)*
       John Doe *(via email)*

---

application date of February 9, 2011. Indeed, Mr. Fiore continued to file motions in the case contending K-Beech had a valid copyright. In January of 2012, it continued to allege in court filings that John Doe had infringed its copyright For Virgins #4 by allegedly downloading its movie. Plaintiff urged Judge Schiller to apply the application standard, instead of the stricter registration standard imposed by Judge Davis. This consummate failure of candor and honesty on the part of the Plaintiff and its counsel resulted in the release of the Doe Defendants' private information to the Plaintiff and a gross miscarriage of justice. With the Doe Defendants personal information in hand, Plaintiff improperly used the offices of this court to obtain settlements from unwitting Doe Defendants for an infringement that occurred when it did not own a copyright.

## CERTIFICATE OF SERVICE

I, John Doe xx, hereby certify that the foregoing documents were delivered to the following parties as indicated on June 25, 2012:

1. VIA EMAIL
   Verizon Legal Compliance

1. VIA US Mail
   Christopher P. Fiore, Esq.
   Fiore & Barber
   425 Main Street, Suite 200
   Harleysville, PA 19438

1. VIA EMAIL
   John Doe
   Filed Motion to Quash or Modify Subpoena
   February 10, 2012
   Docket #5
   Johndoe07248@yahoo.com

                                            Respectfully submitted,

                                            ___s/John Doe xx_____

                                            John Doe xx
                                            Johndoeedpa1234@yahoo.com

2:11-cv-07248-MAM

CHRISTOPHER P. FIORE
FIORE & BARBER LLC
425 MAIN ST STE 200
HARLEYSVILLE PA 19438

cfiore@fiorebarber.com